FILED

AUG 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PING ZHAO,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 11-72861<br><br>Agency No. A099-367-292<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2013**
San Francisco, California

Before: HAWKINS, THOMAS, and McKEOWN, Circuit Judges.

Ping Zhao petitions for review of a September 7, 2011, order of the Board of

Immigration Appeals affirming the Immigration Judge's denial of Zhao's

applications for asylum, withholding of removal, and relief under the Convention

Against Torture ("CAT"). Because the parties are familiar with the factual and

---

     * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal.

The "BIA affirmed the IJ's denial of [petitioner's] withholding of removal claim on the basis of the IJ's adverse credibility determination, and we review adverse credibility determinations under the substantial evidence standard." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

Zhao claims that, because she violated China's one child policy, she was forced to undergo mandatory abortions and that she faces sterilization if she returns. However, Zhao concedes that there were a number of inconsistencies in her application and testimony. Although, under the Real ID Act, inconsistencies need not go to the heart of petitioner's claim, *Shrestha*, 590 F.3d at 1046-47, the inconsistencies here were substantial and unexplained. The adverse credibility determination was well-founded and supported by substantial evidence.

Zhao claimed in her written asylum application that in China she had been forced to have two abortions for violating the one-child policy. However, at her hearing, Zhao testified that she had been forced to have four abortions, and appeared not to recall when they had taken place. Zhao also stated in her application that she was married in China in 1980, but testified at the hearing that she had never been married in China, and later at the same hearing changed her story again. Zhao's testimony about her residence in China also contradicted her

application.  She did not explain these discrepancies despite direct questions from the IJ.  *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011).  Zhao also offered little explanation of how she survived in China for 17 years before coming to the United States, if she had genuinely been under real threat.  She did not document the existence of her two children in China, despite telling the IJ that she could obtain birth certificates.  *See Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009).

We also uphold the BIA's denial of Zhao's CAT claim.  As the BIA noted, Zhao pointed to "no evidence, beyond her discredited claim of past forced abortions, in support of her assertion that she risks torture by or with the acquiescence or 'willful blindness' of the government upon return to China."

**PETITION DENIED.**